AF Approval _____   Chief Approval _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:17-cr-101-T-24AEP

OSCAR GARCIA GARCIA

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by W. Stephen Muldrow, Acting United States Attorney for the Middle District of Florida, and the defendant, OSCAR GARCIA GARCIA, and the attorney for the defendant, Adam Nate, mutually agree as follows:

### A.  **Particularized Terms**

1.  **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Count One of the Superseding Indictment.  Count One charges the defendant with stealing or unlawfully taking away firearms from a federal firearm licensee, in violation of 18 U.S.C. § 922(u).

2.  **Maximum Penalties**

Count One carries a maximum sentence of 10 years imprisonment, a fine of $250,000, a term of supervised release of not more

Defendant's Initials _O.G.G_

than three years, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

    3.    <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First</u>:    The defendant stole or unlawfully took away a firearm from the person or premises of the victim.

<u>Second</u>:    The defendant intended to permanently deprive the victim of the firearm.

<u>Third</u>:    The victim was licensed to engage in the business of importing, manufacturing, or dealing in firearms.

<u>Fourth</u>:    The firearm was in the business inventory of the victim.

<u>Fifth</u>:    The firearm had been shipped or transported in interstate or foreign commerce.

Defendant's Initials O.GG    2

4.    Counts Dismissed

At the time of sentencing, the government will move to dismiss the original Indictment and the remaining count against the defendant in the Superseding Indictment, Count Two, pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), the defendant agrees to make full restitution to Rapture Guns & Knives, and Guns Galore, Inc.

6.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial

affidavit referenced in Paragraph B.5., the United States agrees to file a motion

pursuant to USSG §3E1.1(b) for a downward adjustment of one additional

level. The defendant understands that the determination as to whether the

defendant has qualified for a downward adjustment of a third level for

acceptance of responsibility rests solely with the United States Attorney for the

Middle District of Florida, and the defendant agrees that the defendant cannot

and will not challenge that determination, whether by appeal, collateral attack,

or otherwise.

    7.   <u>Cooperation - Substantial Assistance to be Considered</u>

        Defendant agrees to cooperate fully with the United States in the

investigation and prosecution of other persons, and to testify, subject to a

prosecution for perjury or making a false statement, fully and truthfully before

any federal court proceeding or federal grand jury in connection with the

charges in this case and other matters, such cooperation to further include a

full and complete disclosure of all relevant information, including production

of any and all books, papers, documents, and other objects in defendant's

possession or control, and to be reasonably available for interviews which the

United States may require. If the cooperation is completed prior to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion at the time of sentencing recommending (1) a downward departure

from the applicable guideline range pursuant to USSG §5K1.1, or (2) the

imposition of a sentence below a statutory minimum, if any, pursuant to 18

U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to

sentencing, the government agrees to consider whether such cooperation

qualifies as "substantial assistance" in accordance with the policy of the United

States Attorney for the Middle District of Florida, warranting the filing of a

motion for a reduction of sentence within one year of the imposition of

sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant

understands that the determination as to whether "substantial assistance" has

been provided or what type of motion related thereto will be filed, if any, rests

solely with the United States Attorney for the Middle District of Florida, and

the defendant agrees that defendant cannot and will not challenge that

determination, whether by appeal, collateral attack, or otherwise.

    8.    <u>Use of Information - Section 1B1.8</u>

    Pursuant to USSG §1B1.8(a), the United States agrees that no

self-incriminating information which the defendant may provide during the

course of defendant's cooperation and pursuant to this agreement shall be used

in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

    9.   Cooperation - Responsibilities of Parties

    a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

    b.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

    (1)   The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

Defendant's Initials O. G G       6

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)　　The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)　　The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)　　The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

10.　　<u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), whether

in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the

defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

**B.** **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.   <u>Supervised Release</u>

        The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Immigration Consequences of Pleading Guilty</u>

        The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

        The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

    5.    <u>Financial Disclosures</u>

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _OG G_          14

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly

Defendant's Initials _O G G_                    15

waives the right to appeal defendant's sentence on any ground, including the

ground that the Court erred in determining the applicable guidelines range

pursuant to the United States Sentencing Guidelines, except (a) the ground

that the sentence exceeds the defendant's applicable guidelines range <u>as</u>

<u>determined by the Court</u> pursuant to the United States Sentencing Guidelines;

(b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

the ground that the sentence violates the Eighth Amendment to the

Constitution; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

defendant is released from his waiver and may appeal the sentence as

authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the

Office of the United States Attorney for the Middle District of Florida and

cannot bind other federal, state, or local prosecuting authorities, although this

office will bring defendant's cooperation, if any, to the attention of other

prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the

attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On January 9, 2017, at approximately 1:33 a.m., the defendant, Oscar Garcia, and the co-defendant, Jerry Nelson Reyes Torres, burglarized Rapture Guns and Knives, a federal firearms licensee, located at 8216 U.S.

Highway 98 North, Lakeland, Florida. Surveillance video from the gun shop

showed two burglars approach the front door of the business. Jerry Nelson

Reyes Torres wore gloves, a dark hoodie, a light colored skullcap, a headband

light and facial covering. Oscar Garcia wore a dark colored hoodie with the

hood pulled over his head, facial coverings and dark pants. Reyes Torres is

shorter and has a stockier build than Garcia, who is taller and has a slender

build. Reyes Torres knelt down in front of the door and removed the lock from

the door utilizing a hand tool. Both defendants entered the store carrying

duffle bags. The defendants broke the glass of firearm display cases with a

hammer. The defendants removed fifty-eight (58) handguns from the cases

and fled the store. At one point, a portion of the face of Reyes Torres is

exposed, showing a light to medium complexion. Video surveillance captured

the defendants returning to a vehicle parked in a ditch off Highway 98. Reyes

Torres was the driver. The vehicle fled south on Highway 98.

   Jerry Nelson Reyes Torres and Oscar Garcia committed another

burglary on January 29, 2017 at 4:00 a.m., at Guns Galore, a gun shop located

at 2440 US Highway 92 East, in Lakeland, Florida. This burglary was

committed in substantially the same manner as the burglary of Rapture Guns

and Knives on January 9, 2017. The defendants arrived in the same vehicle

they used during the burglary of Rapture Guns and Knives on January 9,

2017, and dressed in the same manner.  The defendants proceeded to the front entrance of Guns Galore and gained entry to the store by using a tool to twist out the door's lock cylinder.  The defendants broke display cases and used duffle bags to remove forty-six (46) firearms from the store, returned to their vehicle, and fled the area traveling west on US Highway 92.

The investigation led to surveillance of a residence at 3504 East 10th Avenue in Tampa. Jerry Nelson Reyes Torres and Oscar Garcia lived together at this residence.  ATF investigators determined that Jerry Nelson Reyes Torres is known as "Papito" and Oscar Garcia is known as "Flaco." While conducting surveillance on February 4 and February 5, 2017, officers observed Oscar Garcia and another subject, Male 1 (M-1), in the parking lot of a vehicle, smoking marijuana. M-1 lived with his cousin's family in a nearby apartment.  M-1 told law enforcement that he and Garcia worked together, socialized together and were planning to be roommates in the near future.  M-1's cousin, who was the tenant for the apartment, consented to a search of the room M-1 shared with the tenant's children. The search resulted in the recovery of two firearms found inside a suitcase.  Law enforcement has confirmed that these firearms were inventory items stolen from Rapture Guns and Knives during the burglary on January 9, 2017.  M-1 stated that Oscar Garcia gave him the firearms to hold.

Defendant's Initials _O G G_          20

On February 5, 2017, Oscar Garcia provided a post-*Miranda* statement to ATF Special Agent Jeff Burt. Garcia admitted to living with Reyes Torres, who went by the name "Papito." He admitted to traveling with Papito to Lakeland on multiple occasions. He admitted to having knowledge that Papito burglarized gun stores. Garcia only admitted to participating in one of the burglaries with Papito. He could not identify the date or place, but said that the guns found in Juan M-1's room came from that burglary. Garcia explained that Papito let him keep those two firearms after the burglary, and Papito took the rest of the firearms. Oscar Garcia identified himself and Reyes Torres on the surveillance video from the burglary on January 9, 2017 at Rapture Guns and Knives. Garcia confirmed that he is the taller and thinner man on the video. Garcia also gave a description of the vehicle used in the burglary, a two-door tan Audi, which belonged to Reyes Torres.

Oscar Garcia consented to a search of his cell phone, which revealed a text from Papito instructing Garcia to meet with Papito's father to give him the keys to their apartment at 3504 E. 10th Avenue. Garcia stated that Papito was planning to leave town due to police activity, and wanted his father to obtain items from their residence.

Law enforcement located the Audi registered to Reyes Torres. On February 6, 2017, law enforcement surveilled the vehicle until it arrived at

3405 W. Dewey Street in Tampa. ATF Special Agent Chad Horst made

contact with the person driving the vehicle at that time, who was Male 2, the

father of the co-defendant in this case, Jerry Nelson Reyes Torres. A consent

search, followed by a search of the residence and vehicle pursuant to a search

warrant, resulted in the recovery of a headband light matching the one Reyes

Torres wore during the Rapture Guns and Knives burglary on January 9,

2017.

Cell phone records show that a phone linked to Oscar Garcia

was near the location of Rapture Guns and Knives around the time of the

burglary on January 9, 2017.  Cell phone records also indicate that a phone

linked to Garcia and a phone linked to Reyes Torres were near the location of

Guns Galore around the time of the burglary on January 29, 2017.  The cell

tower activity for these phones is also consistent with Garcia and Reyes Torres

traveling from Lakeland to Tampa after the burglaries.

Surveillance video and testimony of witnesses from Life Storage,

a storage facility located at 3000 West Columbus Drive in Tampa, shows that

Jerry Nelson Reyes Torres obtained a storage unit the morning of January 9,

2017, after the burglary of Rapture Guns and Knives.  On January 9, 2017,

Reyes Torres arrived at the storage building in a Toyota Matrix matching the

vehicle registered to Oscar Garcia.  Reyes Torres carried unknown items in a

Defendant's Initials *O G G*            22

box and suitcase into the storage unit. On January 10, 2017, Reyes Torres

arrived at the storage facility in his Audi, and carried a small item into the

storage building. On January 11, 2017, Reyes Torres arrived at the storage

building in his Audi, entered the storage building, removed two large boxes

and a green plastic container, and loaded them into the Audi before driving

away from the storage building.

On the morning of January 29, 2017, at approximately 11:48

a.m., Reyes Torres arrived at the storage building in his Audi and removed

from the Audi a large duffel bag, which appeared to be heavy. He carried the

bag into the storage building, returned to his car and drove from the premises.

At approximately 4:06 p.m. on January 29, 2017, Reyes Torres arrived at the

storage facility in the Audi, followed by a maroon Ford F250 pickup truck.

Reyes Torres got into the rear driver's seat of the truck. He exited the truck

and entered the storage facility carrying a backpack. Shortly thereafter, he

returned to the pickup truck carrying the backpack, which appeared heavier

than before, entered the back seat of the truck, and emerged a short time later

without the backpack. Reyes Torres returned to the Audi, and both vehicles

left the area. At approximately 4:31 p.m. on January 29, 2017, Reyes Torres

returned to the storage facility in the Audi. Reyes Torres entered the storage

building, reappeared shortly thereafter carrying a duffel bag, loaded the duffel

Defendant's Initials _GGG_          23

bag into the trunk of the Audi, and drove from the premises.  Law enforcement obtained a search warrant and searched the storage unit on February 8, 2017, at which time no firearms were present in the storage unit.

The firearms stolen from Rapture Guns and Knives on January 9, 2017 and Guns Galore on January 29, 2017 affected commerce and were shipped and transported in interstate commerce.  Most of the stolen firearms were manufactured outside the state of Florida, including the firearms recovered from Juan M-1's bedroom on February 5, 2017.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___2___ day of ~~April,~~ May 2017.

W. STEPHEN MULDROW
Acting United States Attorney

_____
Oscar Garcia Garcia
Defendant

_____
Michael C. Sinacore
Assistant United States Attorney

_____
Adam Nate
Attorney for Defendant

_____
Christopher Murray
Assistant United States Attorney
Chief, Violent Crimes and Gangs Section

25